## Case No. 9,376.

MEADOR et al. v. EVERETT.

[3 Dill. 214; [1] 10 N. B. R. 421; 1 Cent. Law J. 453.]

Circuit Court, W. D. Missouri. Aug., 1874.

LEASE—ASSIGNMENT BY LESSOR AS SECURITY—RIGHTS OF SUCH ASSIGNEE AGAINST THE ASSIGNEE IN BANKRUPTCY.

The assignment, transfer and delivery of a lease by the lessor to secure a debt, is valid as against the assignee in bankruptcy of the lessor.

[Cited in Platt v. Preston, Case No. 11,219; Re Oliver, Id. 10,492.]

Appeal in bankruptcy. In the bankruptcy proceedings against [R. D. Everett, assignee of] L. H. Clark, in the district court, the petitioners, Daniel F. Meador and his copartners, filed a petition in the nature of a bill in equity for the enforcement of a lien, to which the district court sustained a demurrer and dismissed petition. The petitioners, Meador & Co., appeal from this action of the district court. Their petition as filed in the district court, in substance states, that, in July, 1870, the complainants sold to L. H. Clark, one of the bankrupts, certain furniture to be used in his hotel at Kansas City, for the sum of $6,731.90, for which said Clark executed six notes for $1,000 each, payable in two, three, four, five, six and seven months from date, and one note for $731.90, payable eight months from date; that the same having been proved against the estate of said Clark, that on the 1st of May, 1870, Clark executed a lease of said hotel to one J. C. Parks for five years; that Parks took possession of the property under the lease July 1st, 1870; that the lease was duly recorded July 8th, 1870; that on the 7th day of July, 1870, said Clark, to secure the payment of said notes, assigned, transferred and delivered possession of said lease to complainants with the consent of said Parks; that on the 6th of July, 1870, said Clark gave complainants a power of attorney to receive and collect the rents accruing to said Clark under the lease, until their debt should be paid, and thereby authorized and empowered them to do and perform all in reference to said lease that said Clark himself could do; that on the 6th of July, 1870, as a further security, and a further recognition of the assignment of said lease from said Parks, said Clark drew his bill of exchange for $6,731.90 on said Parks, who accepted the same, thereby becoming liable for said debt. and agreeing to apply the rent of said building to its payment, as the

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

same became due; that said Everett, as assignee, now has possession of said hotel; and that by reason of the premises complainants have a lien upon the rents of said hotel, and pray that the assignee be required to rent said hotel for —— months, the proceeds to be applied to the payment of their debt, and for general relief.

W. B. Napton, Jr., for petitioners.
Lay & Belch, for assignee in bankruptcy.

DILLON, Circuit Judge. The bankrupt, owning a hotel, made a lease of it for five years to one Parks, reserving rent. Being indebted to the petitioners, the bankrupt, to secure them, it is alleged, "assigned, transferred and delivered possession of said lease to the petitioners, with the consent and sanction of said Parks, the lessee." At the same time it is further alleged, that "the bankrupt executed to the plaintiffs a power of attorney to receive and collect the rents accruing under the said lease, and to do and perform all acts with reference to said lease that the said lessor himself could do." And it is further alleged that lessee accepted the lessor's bill in the plaintiffs' favor for the amount of their debt against the lessor, said bill to be paid out of the rents as they fell due. No copy of the lease or assignment, or power of attorney is in the record, but according to the averments it must be taken that the assignment was in writing. In the absence of the written assignment and instrument I can do no more than to indicate the legal rights of the parties upon the facts set forth in the plaintiffs' petition.

If the transaction between the bankrupt and the plaintiffs gave to the latter any rights or equities in respect to the rents or the demised property, the assignee in bankruptcy takes the estate subject thereto. In this respect he stands precisely in the place of the bankrupt. Assuming the allegations of the petition to be true, they show in the plaintiffs, as against the bankrupt, such rights in respect to the rents or demised property as the law will recognize and protect. It is well settled that it is competent for the lessor to separate, by contract or devise, the rent from the reversion, retaining one and disposing of the other, or disposing of the rent to one person and the reversion to another. 1 Washb. Real Prop. 338, where many cases are collected.

Whatever the contract between the bankrupt and the plaintiffs shows the former disposed of to the latter, will be binding upon the former and his assignee in bankruptcy. In Russel v. Russel, 1 Brown, Ch. 269, it was decided that the pledge of a lease by the lessor, by delivery, merely, was in equity a mortgage of the lease-hold estate as against the assignee in bankruptcy. Much more clearly would this be the case where there was an express assignment and delivery of the lease by the lessor to secure a debt. In Ex

parte Wills, 1 Ves. Jr. 162, Lord Chancellor Thurlow, said: "An assignment of rents and profits is an odd way of conveying, but it amounts to an equitable lien, and would entitle the assignee to come into equity and insist upon a mortgage."

The petition states a case which, prima facie, as to the demised estate puts the plaintiffs, so far as necessary to secure payment of their debt against the bankrupt, in the place of the bankrupt, and therefore the demurrer of the assignee ought to have been disallowed. The extent of the plaintiffs' rights I can not determine in the absence of the lease, the assignment and power of attorney. I only hold that the petition makes a case giving, to some extent at least, a lien which the bankruptcy court should respect. I see no reason why the rights of the plaintiffs and assignee may not be well determined upon the petition of the plaintiffs.

The order sustaining the demurrer and dismissing the petition is reversed, and the district court directed to permit the assignee to answer the petition if he shall be so advised. Ordered accordingly.

NOTE. After the cause was remanded it was tried on its merits in the district court, which rendered a decree dismissing the petition of Meador & Co.; and on appeal this decree was affirmed on the ground that Meador & Co. failed to show any assignment or delivery of the lease to them, and because, by the statute of Missouri, assignments of leases are required to be in writing, and to be recorded, or else are declared void as to all persons except the parties thereto, and persons having actual notice thereof. 1 Wag. St. p. 277, §§ 24–26; Id. p. 287, § 33; Id. p. 655, §§ 2, 3.